IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



FILED
AUG 1 4 2019
Clerk, U.S. District Court
Texas Eastern

| | |
|---|---|
| UNITED STATES OF AMERICA | § §|
| v. | § § § |
| JHONNY EVANGELISTA CHEME TORRES (1) ███████ ███████ ███████ ███████ ███████ ███████ | § § § § § § § § § § |

SEALED

NO. 4:19CR 208
Judge Mazzant

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

           Violation: 21 U.S.C. § 963 (Conspiracy to Manufacture and Distribute Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States)

That sometime in or about 2015, and continuously thereafter up to and including the date of this Indictment, in the Republics of Colombia, Costa Rica, Guatemala, Mexico, and elsewhere, **JHONNY EVANGELISTA CHEME TORRES,** ███████ ███████ ███████████████████████████████████████ ███████ ███████ ███████ ███████ defendants, did knowingly and intentionally combine, conspire, and agree with other persons known and unknown to the

Indictment
Page 1

United States Grand Jury, to knowingly and intentionally manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a) and 960.

In violation of 21 U.S.C. § 963.

## Count Two

> Violation: 21 U.S.C. § 959 and 18 U.S.C. § 2: (Manufacturing and Distributing Five Kilograms or More of Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States)

That sometime in or about 2015, and continuously thereafter up to and including the date of this Indictment, in the Republics of Colombia, Costa Rica, Guatemala, Mexico, and elsewhere, **JHONNY EVANGELISTA CHEME TORRES**, ▆▆▆▆ ▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ defendants, aided and abetted by each other, did knowingly and intentionally manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing, and with reasonable cause to believe that such cocaine would be unlawfully imported into the United States.

In violation of 21 U.S.C. § 959 and 18 U.S.C. § 2.

## Count Three

    Violation: 46 U.S.C. § 70503(a)(1) and 46 U.S.C. § 70506 (b): (Conspiracy to Possess with the Intent to Distribute a Controlled Substance Onboard a Vessel Subject to the Jurisdiction of the United States)

That sometime in or about 2015, and continuously thereafter up to and including the date of this Indictment, within the jurisdiction of this Court, **JHONNY EVANGELISTA CHEME TORRES,** ███████████████████████████████████████████████ defendants, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with other persons known and unknown to the Grand Jury to commit an offense defined in Title 46, United States Code, Section 70503, that is: to possess with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a schedule II, controlled substance, onboard a vessel subject to the jurisdiction of the United States, as defined in Title 46, United States Code, Section 70502(c)(1)(A).

In violation of 46 U.S.C. § 70503(a)(1) and 46 U.S.C. § 70506 (b).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

From their engagement in the violations alleged in this Indictment, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 970, incorporating the provisions of 21 U.S.C. § 853(a)(1) and (2), all of their interest in:

a. Property constituting and derived from any proceeds the defendants obtained, directly or indirectly, as the result of such violations; and
b. Property used and intended to be used in any manner or part to commit or to facilitate the commission of such violations.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third person;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty.

The United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), and as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOSEPH D. BROWN
UNITED STATES ATTORNEY

_____ _____
CHRISTOPHER A. EASON       Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | **SEALED** |
| v. | § § | NO. 4:19CR |
| JHONNY EVANGELISTA CHEME TORRES (1) | § § § § § § § § | Judge |

## NOTICE OF PENALTY

### Count One

Violation: 21 U.S.C. § 963

Penalty: Imprisonment for not less than ten (10) years or more than life, a fine not to exceed $10,000,000.00 or both. A term of supervised release of at least five (5) years.

Special Assessment: $100.00

### Count Two

Violation: 21 U.S.C. § 959 and 18 U.S.C. § 2

Penalty: Imprisonment for not less than ten (10) years or more than life, a fine not to exceed $10,000,000.00 or both. A term of supervised release of at least five (5) years.

Special Assessment: $100.00

## Count Three

Violation: 46 U.S.C. § 70503(a)(1) and 46 U.S.C. § 70506(b)

Penalty: Imprisonment for not less than ten (10) years or more than life, a fine not to exceed $10,000,000.00 or both. A term of supervised release of at least five (5) years.

Special Assessment: $100.00