IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA      §
     §
v.      §    Case No. 4:19CR208-4
     §    Judge Mazzant
JAIRO JAVIER RODRIGUEZ      §
BENTANCOURT      §
    a.k.a. LOBO

## NOTICE OF FILING OF EXTRADITION DOCUMENTS

The United States of America, by and through the undersigned Assistant United States

Attorney, respectfully gives notice of the receipt and filing of the following extradition-related

documents pertaining to the above-named Defendant:

1.       Extradition authorization (attached as **Exhibit A**); and

2.       Confirmation of time served in foreign custody (attached as **Exhibit B**).

The extraditing country's Ministry of Foreign Affairs or other authorized governmental body

provided these documents to the United States following the Defendant's extradition and the

Government promptly provided copies to defense counsel in discovery.

The extradition authorization document confirms that the specific offenses for which

extradition was granted are:

1.       **Count One:** Conspiracy to manufacture and distribute five kilograms or more of cocaine, intending, knowing, and having reasonable cause to believe that such cocaine would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a), 960, and 963;

2.       **Count Two:** Manufacturing and distributing five kilograms or more of cocaine, intending, knowing, and having reasonable cause to believe that such cocaine would be unlawfully imported into the United States, and aiding and abetting that offense, in violation of Title 21, United States Code, Section 959; and Title 18, United States Code, Section 2; and;

3. **Count Three:** Conspiracy to possess with intent to distribute five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70502(c)(1)(A), 70503(a)(1), and 70506(b).

The confirmation of time served document affirms that the Defendant was in foreign custody for extradition purposes from the date of his arrest on March 7, 2020, through the date of his delivery to United States authorities for extradition on July 16, 2021.

Respectfully submitted,

NICHOLAS J. GANJEI
Acting United States Attorney


*/s/  Stevan A. Buys*
STEVAN A. BUYS
Assistant United States Attorney
Texas Bar #24033653
600 E. Taylor, Suite 2000
Sherman, Texas 75090
Office: 903-868-9454
Fax: 903-892-2792
Stevan.Buys@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on September 13, 2021, this notice was electronically filed, and that counsel of record will receive notification *via* the District Clerk's CM/ECF system.


*/s/  Stevan A. Buys*
STEVAN A. BUYS

Exhibit A

Bogotá D.C., 25 de febrero de 2021

Doctora
**ALEJANDRA VALENCIA GARTNER**
Directora de Asuntos Jurídicos Internacionales
Cancillería de Colombia
Calle 10 No. 5-51 Palacio de San Carlos
extradiciones.cancilleria@cancilleria.gov.co
Bogotá D.C.



Contraseña:FSdkmjsZO7

Asunto: Trámite de extradición de Jairo Javier Rodríguez Betancourt

Respetada doctora Valencia:

De manera respetuosa le comunico que el Gobierno Nacional, mediante Resolución Ejecutiva N° 013 del 7 de enero de 2020, decisión que se encuentra en firme, concedió, al Gobierno de los Estados Unidos de América, la extradición del ciudadano colombiano Jairo Javier Rodríguez Betancourt, en los siguientes términos:

"**ARTÍCULO PRIMERO:** *Conceder la extradición del ciudadano colombiano **JAIRO JAVIER RODRÍGUEZ BETANCOURT**, identificado con la cédula de ciudadanía No. 87.943.833, para que comparezca a juicio ante las autoridades de los Estados Unidos de América por el **Cargo Uno** (Concierto para fabricar y distribuir cinco kilogramos o más de cocaína, con la intención, el conocimiento y teniendo causa razonable para creer que dicha cocaína sería importada ilegalmente a los Estados Unidos);**Cargo Dos** (Fabricación y distribución de cinco kilogramos o más de cocaína, con la intención, el conocimiento y con causa razonable para creer que dicha cocaína sería importada ilegalmente a los Estados Unidos, y ayuda y facilitación de dicho delito); y **Cargo Tres**(Concierto para poseer con la intención de distribuir cinco kilogramos o más de cocaína a bordo de una embarcación sujeta a la jurisdicción de los Estados Unidos); imputados en la acusación No. 4:19 CR 208 (también enunciada como 4:19-cr-00208-ALM-KPJ), dictada el 14 de agosto de 2019, en la Corte Distrital de los Estados Unidos para el Distrito Este de Texas.*

***ARTÍCULO SEGUNDO**: Ordenar la entrega del ciudadano **JAIRO JAVIER RODRÍGUEZ BETANCOURT** al Estado requirente bajo el compromiso de que éste cumpla las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.*

*Tan pronto se reciba el mencionado compromiso, el Ministerio de Justicia y del Derecho remitirá copia de la decisión y de las garantías ofrecidas a la Fiscalía General de la Nación para que se adelanten las gestiones necesarias y se proceda a la puesta a disposición del Estado requirente de la persona reclamada.*

**ARTÍCULO TERCERO**: *Advertir al Estado requirente que el ciudadano extraditado no podrá ser juzgado ni condenado por un hecho anterior y distinto del que motiva la presente extradición, de conformidad con lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004. De igual forma se advierte que no podrán ser incluidos hechos o material probatorio anterior al 17 de diciembre de 1997…".*

De acuerdo con lo anterior, atentamente le remito copia del mencionado acto administrativo con el objeto de que se informe al país requirente que el Gobierno Nacional concedió la extradición de Jairo Javier Rodríguez Betancourt, pero que **aún no se ha puesto a su disposición para el traslado** porque la entrega quedó condicionada al ofrecimiento de unas garantías.

Bajo ese entendido, le solicito comunicar al país requirente que, **a la mayor brevedad posible, debe ofrecer un compromiso formal**, por la vía diplomática, sobre el cumplimiento de los condicionamientos impuestos por el Gobierno Nacional y se garantice lo dispuesto en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.

Tan pronto se reciba el mencionado compromiso, este Ministerio remitirá a la Fiscalía General de la Nación copia del respectivo acto administrativo y de las garantías ofrecidas con el fin de que dicha Entidad proceda a la puesta a disposición del Estado requirente de la persona reclamada.

Cordialmente,

**NICOLÁS MURGUEITIO SICARD**
Director de Asuntos Internacionales

Anexo lo relacionado en 9 folios

Elaboró: MUP [NIE-21-474]
Revisó Coordinadora Grupo de extradiciones CBP
Aprobó:DAI

http://vuv.minjusticia.gov.co/Publico/FindIndexWeb?rad=M9SO8cSt6Sms4903GdpXxZ9%2F3GZh41GCQP%2Fd9yLW0Cc%3D&cod=ngFiuDqaNIR4D6FhoLxebA%3D%3D

REPÚBLICA DE COLOMBIA



MINISTERIO DE JUSTICIA Y DEL DERECHO

RESOLUCIÓN NÚMERO 013 DE

# 7 ENE 2021

Por la cual se decide sobre una solicitud de extradición

**EL PRESIDENTE DE LA REPÚBLICA DE COLOMBIA,**
en ejercicio de la facultad que le confiere el artículo 491 de la Ley 906
de 2004, y

## CONSIDERANDO:

**1.** Que mediante Nota Verbal No. 1726 del 16 de octubre de 2019, el Gobierno de los Estados Unidos de América, a través de su Embajada en Colombia, solicitó la detención provisional con fines de extradición del ciudadano colombiano **JAIRO JAVIER RODRÍGUEZ BETANCOURT**, requerido para comparecer a juicio por delitos de tráfico de narcóticos.

**2.** Que, en atención a dicha solicitud, el Fiscal General de la Nación (e), mediante Resolución del 18 de octubre de 2019, decretó la captura con fines de extradición del ciudadano colombiano **JAIRO JAVIER RODRÍGUEZ BETANCOURT**, identificado con la cédula de ciudadanía No. 87.943.833, la cual se hizo efectiva el 7 de marzo de 2020, por miembros de la Dirección de Investigación Criminal e Interpol de la Policía Nacional.

**3.** Que, mediante correo electrónico del 20 de abril de 2020, enviado al Ministerio de Relaciones Exteriores, la Embajada de los Estados Unidos de América solicitó formalmente la extradición del ciudadano **JAIRO JAVIER RODRÍGUEZ BETANCOURT** y remitió los documentos oficiales que sustentan el pedido de extradición.

**4.** Que luego de formalizada la solicitud de extradición del ciudadano **JAIRO JAVIER RODRÍGUEZ BETANCOURT**, el Ministerio de Relaciones Exteriores, a través de la Dirección de Asuntos Jurídicos Internacionales, mediante oficio S-DIAJI-20-014074 del 28 de mayo de 2020, conceptuó:

> "Conforme a lo establecido en nuestra legislación procesal penal interna, se informa que es del caso proceder con sujeción a las convenciones de las cuales son parte la República de Colombia y los Estados Unidos de América.

Hoja No. 2 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

---

Una vez revisado el archivo de tratados de este Ministerio, es del caso destacar que se encuentran vigentes para las Partes, las siguientes convenciones multilaterales en materia de cooperación judicial mutua:

- La *'Convención de Naciones Unidas contra el tráfico ilícito de estupefacientes y sustancias psicotrópicas'*, suscrita en Viena el 20 de diciembre de 1988[1]. En ese sentido, el artículo 6, numerales 4 y 5 del precitado tratado disponen lo siguiente:

   *'4. Las Partes que no supediten la extradición a la existencia de un tratado reconocerán los delitos a los que se aplica el presente artículo como casos de extradición entre ellas.*

   *5. La extradición estará sujeta a las condiciones previstas por la legislación de la Parte requerida o por los tratados de extradición aplicables, incluidos los motivos por los que la Parte requerida puede denegar la extradición.'*

- La *'Convención de las Naciones Unidas contra la Delincuencia Organizada Transnacional'*, adoptada en New York, el 27 de noviembre de 2000[2], que en su artículo 16, numerales 6 y 7, prevé lo siguiente:

   *'6. Los Estados Parte que no supediten la extradición a la existencia de un tratado reconocerán los delitos a los que se aplica el presente artículo como casos de extradición entre ellos.*

   *7. La extradición estará sujeta a las condiciones previstas en el derecho interno del Estado Parte requerido o en los tratados de extradición aplicables, incluidas, entre otras, las relativas al requisito de una pena mínima para la extradición y a los motivos por los que el Estado Parte requerido puede denegar la extradición.'*

De conformidad con lo expuesto, y a la luz de lo preceptuado en los artículos 491 y 496 de la Ley 906 de 2004, los aspectos no regulados por las convenciones aludidas, el trámite se regirá por lo previsto en el ordenamiento jurídico colombiano...".

**5.** Que el Ministerio de Relaciones Exteriores, a través de la Dirección de Asuntos Jurídicos Internacionales, mediante oficio S-DIAJI-20-000393 del 5 de junio de 2020, allegó al Ministerio de Justicia y del Derecho la Nota Verbal No. 0655 del 5 de junio de 2020, como complemento a la solicitud de extradición.

En dicha Nota se informa que este ciudadano es el sujeto de la acusación No. 4:19 CR 208 (también enunciada como 4:19-cr-00208-ALM-KPJ), dictada el 14 de agosto de 2019, en la Corte Distrital de los Estados Unidos para el Distrito Este de Texas, según se describe a continuación:

## *"ACUSACIÓN FORMAL*

*EL GRAN JURADO DE LOS ESTADOS UNIDOS EMITE LA SIGUIENTE ACUSACIÓN:*

---

[1] Artículo 3° numeral 1° literal a.
[2] Artículo 3, párrafo 1, apartados a) o b).

Hoja No. 3 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

----------------------------------------------------------------------------------------------------

### Cargo Uno

*Violación:S.963, T.21, C EE UU (Concierto para elaborar y distribuir cocaína con la intención, el conocimiento y con causa razonable para creer que la cocaína será importada ilegalmente a los Estados Unidos)*

*Que en algún momento en el 2015, o alrededor de esa fecha, y de manera continua después hasta incluso la fecha de esta Acusación Formal, en las Repúblicas de Colombia, Costa Rica, Guatemala, México y otros lugares, (...) y JAIRO JAVIER RODRÍGUEZ BETANCOURT, alias "Lobo", los acusados, con conocimiento e intencionalmente se combinaron, conspiraron y acordaron con otras personas, conocidas y desconocidas por el gran jurado, para con conocimiento e intencionalmente elaborar y distribuir cinco kilogramos o más de una mezcla y sustancia que contenía una cantidad detectable de cocaína, una sustancia controlada de Categoría II, con la intención, el conocimiento y causa razonable para creer que dicha sustancia sería importada ilegalmente a los Estados Unidos, en contravención de las Secciones 959(a) y 960 del Título 21 del Código de los Estados Unidos .*

*En contravención de la Sección 963 del Título 21 del Código de los Estados Unidos.*

### Cargo Dos

*Violación: S. 959, T.21, C EE UU y S.2,T.18,C EE UU: (Elaboración y distribución de cinco kilogramos o más de cocaína con la intención, el conocimiento y con causa razonable para creer que la cocaína será importada ilegalmente a los Estados Unidos)*

*Que en algún momento en el 2015, o alrededor de esa fecha, y de manera continua después hasta incluso la fecha de esta Acusación Formal, en las Repúblicas de Colombia, Costa Rica, Guatemala, México y otros lugares, (...) y JAIRO JAVIER RODRÍGUEZ BETANCOURT, alias "Lobo", los acusados, ayudados e instigados por ellos mismos, con conocimiento e intencionalmente elaboraron y distribuyeron cinco kilogramos o más de una mezcla y sustancia que contenía una cantidad detectable de cocaína, una sustancia controlada de Categoría II, con la intención, el conocimiento y con causa razonable para creer que dicha cocaína sería importada ilegalmente a los Estados Unidos.*

*En contravención de la Sección 959 del Título 21 del Código de los Estados Unidos y la Sección 2 del Título 18 del Código de los Estados Unidos.*

### Cargo Tres

*Violación: S. 70503(a)(1), T.46,C EE UU y 70506 (b),T.46, C EE UU: (Concierto para poseer con la intención de distribuir*

Hoja No. 4 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

--------------------------------------------------------------------------------

*una sustancia controlada a bordo de una embarcación sujeta a la jurisdicción de los Estados Unidos).*

*Que en algún momento en el 2015, o alrededor de esa fecha, y de manera continua después hasta incluso la fecha de esta Acusación Formal, dentro de la jurisdicción de este tribunal (...) y **JAIRO JAVIER RODRÍGUEZ BETANCOURT**, alias "Lobo", los acusados, con conocimiento e intencionalmente se combinaron, conspiraron, confederaron y acordaron entre ellos, y con otras personas, conocidas y desconocidas, por el Gran Jurado para cometer un delito definido en la Sección 70503 del Título 46 del Código de los Estados Unidos, es decir: para poseer con la intención de distribuir cinco kilogramos o más de una mezcla o sustancia que contenía una cantidad detectable de cocaína, una sustancia controlada de Categoría II, a bordo de una embarcación sujeta a la jurisdicción de los Estados Unidos, como se define en la Sección 70502(c)(1)(A) del Título 46 del Código de los Estados Unidos.*

*En contravención de las Secciones 70503(a)(1) del Título 46 del Código de los Estados Unidos y 70506 (b) del Título 46 del Código de los Estados Unidos..."*

Adicionalmente, el país requirente, en la Nota Verbal No. 0655 del 5 de junio de 2020, señaló:

*"El 14 de agosto de 2019, con base en los cargos descritos en la acusación, la Corte Distrital de los Estados Unidos para el Distrito Este de Texas, emitió un auto de detención para la captura de Jairo Javier Rodríguez Betancourt. Dicho auto de detención permanece válido y ejecutable."*

*(...)*

*Todas las acciones adelantadas por el acusado en este caso fueron realizadas con posterioridad al 17 de diciembre de 1997..."*

**6.** Que perfeccionado así el expediente de extradición del ciudadano **JAIRO JAVIER RODRÍGUEZ BETANCOURT**, el Ministerio de Justicia y del Derecho, mediante oficio No.MJD-OFI20-0025512-DAI-1100 del 3 de agosto de 2020, lo remitió a la Sala de Casación Penal de la H. Corte Suprema de Justicia para el concepto correspondiente.

**7.** Que la Sala de Casación Penal de la H. Corte Suprema de Justicia, mediante pronunciamiento del 2 de diciembre de 2020, habiendo encontrado cumplidos los requisitos que exigen las normas aplicables al caso, conceptuó favorablemente a la extradición del ciudadano colombiano **JAIRO JAVIER RODRÍGUEZ BETANCOURT**.

Sobre el particular, la H. Corporación manifestó:

*"Condicionamientos al país requirente:*

*Si el Gobierno Nacional accede a la petición de extradición, ha de someterla a estos condicionamientos:*

--------------------------------------------------------------------------------

      *1. No se podrá imponer la pena de muerte, condena a prisión perpetua, ni el requerido será sometido a desaparición forzada, torturas, tratos o penas crueles, inhumanos o degradantes, juzgado por hechos distintos a los que originaron la reclamación o por conductas anteriores al 17 de diciembre de 1997,*

      *2. Deben respetarse todas las garantías procesales[3], en concreto a: tener acceso a un proceso público sin dilaciones injustificadas, se presuma su inocencia, esté asistido por un intérprete, cuente con un defensor designado por él o por el Estado, se le conceda el tiempo y los medios adecuados para preparar la defensa, pueda presentar pruebas y controvertir las que se alleguen en su contra. Que su situación de privación de la libertad se desarrolle en condiciones dignas, que la pena que eventualmente se le imponga no trascienda de su persona y tenga la finalidad esencial de reforma y adaptación social (artículos 29 de la Carta Política; 9 y 10 de la Declaración Universal de Derechos Humanos; 5-3.6, 7-2.5,8-1.2(a)(b)(c)(d) (e)(f) (g)(h).3.4.5, 9 de la Convención Americana sobre Derechos Humanos; 9-2.3, 10-1.2.3, 14-1.2.3,5, y 15 del Pacto Internacional de Derechos Civiles y Políticos),*

      *3. Conforme a las políticas internas del país reclamante sobre la materia, deben ofrecerse posibilidades racionales y reales para que el eventual extraditado pueda tener contacto regular con sus familiares más cercanos, habida cuenta que la Constitución de 1991, en su artículo 42, reconoce a la familia como núcleo esencial de la sociedad, garantiza su protección y reconoce su honra, dignidad e intimidad, lo cual se refuerza con la protección adicional que a ese núcleo le otorgan la Convención Americana sobre Derechos Humanos y el Pacto Internacional de Derechos Civiles y Políticos, y*

      *4. El Estado requirente debe garantizar al extraditado su permanencia en ese país y el retorno a Colombia en condiciones dignas, de llegar a ser sobreseído, absuelto, hallado inocente o por situaciones similares que conduzcan a su libertad, y*

      *6. Si el requerido es condenado, debe tenerse en cuenta como parte de la pena el tiempo que ha permanecido privado de la libertad con motivo de este trámite de extradición.*

      *El Gobierno Nacional ha de efectuar el respectivo seguimiento a los condicionamientos que se imponen a la concesión de la extradición y determinar las consecuencias que se derivarían de su posible incumplimiento, al tenor de lo señalado en el ordinal 2° del artículo 189 de la Constitución Nacional.*

      *En mérito de lo expuesto, la CORTE SUPREMA DE JUSTICIA, Sala de Casación Penal,*

### EMITE CONCEPTO

      ***FAVORABLE*** *a la petición de extradición de* ***JAIRO JAVIER RODRÍGUEZ BETANCOURT****, alias "Lobo", nacional colombiano, identificado con la cédula de*

--------------------------------------------------------------------------------

[3] Según el criterio de esta Corporación, a pesar de que se produzca la entrega del ciudadano colombiano, éste conserva los derechos inherentes a su nacionalidad consagrados en la Constitución Política y en los tratados sobre derechos humanos suscritos por el país (CSJ CP, 5 sep. 2006, rad. 25625).

--------------------------------------------------------------------------------

*ciudadanía No. 87.943.833 de Tumaco (Nariño), requerido por el Tribunal de Distrito de los Estados Unidos de América para el Distrito Este de Texas, con ocasión del indictment No. 4:19CR208 del 14 de agosto de 2019, dictado dentro del caso 4:18-cr-00208ALM-KPJ...".*

8.    Que en atención al concepto emitido por la Sala de Casación Penal de la H. Corte Suprema de Justicia, y teniendo en cuenta que de acuerdo con lo establecido en el artículo 501 de la Ley 906 de 2004, el Gobierno Nacional está en libertad de obrar según las conveniencias nacionales, concederá la extradición del ciudadano colombiano **JAIRO JAVIER RODRÍGUEZ BETANCOURT**, identificado con la cédula de ciudadanía No. 87.943.833, para que comparezca a juicio ante las autoridades de los Estados Unidos de América por el **Cargo Uno** (*Concierto para fabricar y distribuir cinco kilogramos o más de cocaína, con la intención, el conocimiento y teniendo causa razonable para creer que dicha cocaína sería importada ilegalmente a los Estados Unidos*); **Cargo Dos** (*Fabricación y distribución de cinco kilogramos o más de cocaína, con la intención, el conocimiento y con causa razonable para creer que dicha cocaína sería importada ilegalmente a los Estados Unidos, y ayuda y facilitación de dicho delito*); y **Cargo Tres** (*Concierto para poseer con la intención de distribuir cinco kilogramos o más de cocaína a bordo de una embarcación sujeta a la jurisdicción de los Estados Unidos*); imputados en la acusación No. 4:19 CR 208 (también enunciada como 4:19-cr-00208-ALM-KPJ), dictada el 14 de agosto de 2019, en la Corte Distrital de los Estados Unidos para el Distrito Este de Texas.

9.    Que de acuerdo con la información allegada al expediente se puede establecer que el ciudadano **JAIRO JAVIER RODRÍGUEZ BETANCOURT** no se encuentra requerido por autoridad judicial colombiana y su captura obedece únicamente a los fines del trámite de extradición.

10.    Que el Gobierno Nacional, en atención a lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004, debe exigir al Gobierno de los Estados Unidos de América que el ciudadano requerido no sea juzgado por un hecho anterior y distinto del que motiva la solicitud de extradición. De igual forma se advierte que no podrán ser incluidos hechos o material probatorio anterior al 17 de diciembre de 1997.

11.    Que el Gobierno Nacional ordenará la entrega del ciudadano **JAIRO JAVIER RODRÍGUEZ BETANCOURT** condicionada al ofrecimiento del compromiso del Estado requirente de cumplir las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.

Al quedar condicionada la entrega, la Fiscalía General de la Nación no podrá poner a disposición del Estado requirente al mencionado ciudadano sino hasta tanto se allegue, por parte del país requirente, el compromiso formal sobre el cumplimiento de estos condicionamientos, para lo cual, tan pronto se reciba el mencionado compromiso, el Ministerio de Justicia y del Derecho remitirá copia de la decisión y de las garantías

---------------------------------------------------------------------------------------------------------

ofrecidas a la Fiscalía General de la Nación para que se adelanten las gestiones necesarias y se proceda a la puesta a disposición del Estado requirente de la persona reclamada.

**12.** Que al ciudadano requerido le asiste el derecho de que se le reconozca en el Estado requirente el tiempo que permaneció detenido por cuenta del trámite de extradición, y para acreditar esa situación, podrá solicitar la respectiva constancia a la Fiscalía General de la Nación, por ser la entidad competente para esos efectos.

No obstante lo anterior, se advierte que tal y como ha sido costumbre, la Dirección de Asuntos Internacionales de la Fiscalía General de la Nación remite la certificación sobre el tiempo de detención de los ciudadanos requeridos por cuenta del trámite de extradición a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores, con el fin de que el Cónsul respectivo tenga conocimiento de esa situación.

El Gobierno Nacional, por conducto del Ministerio de Justicia y del Derecho, remitirá copia de la presente decisión a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores para los fines indicados en la Directiva Presidencial No. 07 de 2005 y lo señalado por la H. Corte Suprema de Justicia en su concepto.

Por último, debe indicarse que, en el marco del "Estado de Emergencia Económica, Social y Ecológica" declarado en todo el territorio nacional[4] con el fin de conjurar la grave calamidad pública a causa de la pandemia del Coronavirus COVID19, el Gobierno Nacional expidió el Decreto Legislativo N° 487 del 27 de marzo de 2020[5], por medio del cual se suspendieron, por un término de 30 días calendario, los términos del trámite de extradición previstos en la Ley 600 de 2000 y en la Ley 906 de 2004 y demás normas previstas en el ordenamiento, con algunas excepciones, plazo prorrogado en los mismos términos a través del Decreto reglamentario N° 595 del 25 de abril de 2020[6], a partir del 25 de abril de 2020 y "hasta la finalización de la Emergencia Sanitaria decretada por el Ministerio de Salud y Protección Social"[7].

La Corte Constitucional, en ejercicio del control automático sobre el Decreto Legislativo N° 487 del 27 de marzo de 2020, mediante sentencia C-201/20 del 25 de junio de 2020[8] dentro del Expediente RE-251[9], declaró **INEXEQUIBLE** el Decreto Legislativo 487 del 27 de marzo de 2020, advirtiendo que dicha decisión *"no afecta la suspensión de términos por 30 días de los trámites de extradición de personas requeridas para el cumplimiento de condenas en firme, en los que ya se había proferido resolución ejecutoriada*

---

[4] Mediante Decreto N° 417 del 17 de marzo de 2020.
[5] Publicado en el Diario Oficial N° 51.269 del 27 de marzo de 2020.
[6] Publicado en el Diario Oficial N° 51.296 del 25 de abril de 2020.
[7] El Ministerio de Salud y Protección Social mediante Resolución N° 844 del 26 de mayo de 2020 prorrogó la emergencia sanitaria en todo el territorio nacional hasta el 31 de agosto de 2020.
[8] Comunicado N° 26 publicado el 28 de junio de 2020 en la página Web de la Corte Constitucional.
[9] M.P Alejandro Linares Cantillo.

Hoja No. 8 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

--------------------------------------------------------------------------------------------------

*concediendo la extradición para la fecha de expedición el (sic) Decreto Legislativo 487 de 2020."*

Adicionalmente, la H. Corte Constitucional señaló que *"esta decisión rige hacia futuro, razón por la cual, en cada caso los operadores judiciales deberán considerar el restablecimiento de los términos del trámite de extradición, a partir del punto en el que fueron suspendidos con ocasión del mencionado decreto legislativo declarado inexequible"*.

Por lo expuesto,

**RESUELVE:**

**ARTÍCULO PRIMERO:** Conceder la extradición del ciudadano colombiano **JAIRO JAVIER RODRÍGUEZ BETANCOURT**, identificado con la cédula de ciudadanía No. 87.943.833, para que comparezca a juicio ante las autoridades de los Estados Unidos de América por el **Cargo Uno** (*Concierto para fabricar y distribuir cinco kilogramos o más de cocaína, con la intención, el conocimiento y teniendo causa razonable para creer que dicha cocaína sería importada ilegalmente a los Estados Unidos);* **Cargo Dos** (*Fabricación y distribución de cinco kilogramos o más de cocaína, con la intención, el conocimiento y con causa razonable para creer que dicha cocaína sería importada ilegalmente a los Estados Unidos, y ayuda y facilitación de dicho delito);* y **Cargo Tres** (*Concierto para poseer con la intención de distribuir cinco kilogramos o más de cocaína a bordo de una embarcación sujeta a la jurisdicción de los Estados Unidos);* imputados en la acusación No. 4:19 CR 208 (también enunciada como 4:19-cr-00208-ALM-KPJ), dictada el 14 de agosto de 2019, en la Corte Distrital de los Estados Unidos para el Distrito Este de Texas.

**ARTÍCULO SEGUNDO:** Ordenar la entrega del ciudadano **JAIRO JAVIER RODRÍGUEZ BETANCOURT** al Estado requirente bajo el compromiso de que éste cumpla las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.

Tan pronto se reciba el mencionado compromiso, el Ministerio de Justicia y del Derecho remitirá copia de la decisión y de las garantías ofrecidas a la Fiscalía General de la Nación para que se adelanten las gestiones necesarias y se proceda a la puesta a disposición del Estado requirente de la persona reclamada.

**ARTÍCULO TERCERO:** Advertir al Estado requirente que el ciudadano extraditado no podrá ser juzgado ni condenado por un hecho anterior y distinto del que motiva la presente extradición, de conformidad con lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004. De igual forma se advierte que no podrán ser incluidos hechos o material probatorio anterior al 17 de diciembre de 1997.

Hoja No. 9 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

------------------------------------------------------------------------------------------

**ARTÍCULO CUARTO:** Notificar personalmente la presente decisión al interesado, a su representante o apoderada, o a la persona debidamente autorizada por el interesado para notificarse, haciéndole saber que contra la misma procede el recurso de reposición, el cual podrá interponer por escrito en la diligencia o dentro de los diez (10) días siguientes a su notificación, de conformidad con lo dispuesto en los artículos 67 y 76 del Código de Procedimiento Administrativo y de lo Contencioso Administrativo.

**ARTÍCULO QUINTO:** Una vez ejecutoriada la presente Resolución, enviar copia de la misma a la Dirección de Asuntos Jurídicos Internacionales y a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores y al Fiscal General de la Nación, para lo de sus respectivas competencias.

**ARTÍCULO SEXTO:** La presente Resolución rige a partir de la fecha de su ejecutoria.

**Publíquese** en el Diario Oficial, **notifíquese** al ciudadano requerido o a su apoderada a la persona debidamente autorizada por el interesado para notificarse, **comuníquese** al Ministerio de Relaciones Exteriores y a la Fiscalía General de la Nación y **cúmplase**.

Dada en Bogotá, D.C. a 7 ENE 2021

EL MINISTRO DE JUSTICIA Y DEL DERECHO,

WILSON RUIZ OREJUELA

Exhibit B



Libertad y Orden

REPÚBLICA DE COLOMBIA
**MINISTERIO DE RELACIONES EXTERIORES**

**DIAJI No. 2411**

El Ministerio de Relaciones Exteriores – Dirección de Asuntos Jurídicos Internacionales - saluda muy atentamente a la Honorable Embajada de los Estados Unidos de América y procede a remitir el Oficio número 20211700054691 de fecha 10 de agosto de 2021, procedente de la Dirección de Asuntos Internacionales de la Fiscalía General de la Nación, mediante el cual se acompaña copia del acta de entrega en extradición del señor **JAIRO JAVIER RODRÍGUEZ BETANCOURT** e informa el periodo de privación de la libertad en territorio colombiano con fines de extradición.

Lo anterior, con el propósito de que el período de privación de la libertad en Colombia se tenga en cuenta en el proceso que se adelanta en los Estados Unidos de América.

El Ministerio de Relaciones Exteriores – Dirección de Asuntos Jurídicos Internacionales – hace propicia la oportunidad para reiterar a la Honorable Embajada de los Estados Unidos de América las seguridades de su más alta y distinguida consideración.

Bogotá D.C., 19 de agosto de 2021

A LA HONORABLE
**EMBAJADA DE LOS ESTADOS UNIDOS DE AMÉRICA**
Ciudad

Received on

2 3 AGO. 2021

Copy to J U D A T T
Copy to DOJ/OIA
L/LEI



**MINISTERIO DE DEFENSA NACIONAL**
POLICÍA NACIONAL
DIRECCIÓN DE INVESTIGACIÓN CRIMINAL E INTERPOL

**No. GS-2021 - 092633 / INTERPOL- ARECO**

Bogotá D.C., 22 de julio de 2021

Doctor
**GONZALO GÓMEZ ESCOBAR**
Director Asuntos Internacionales (E)
Fiscalía General de la Nación
Bogotá D.C.

SUBDIRECCION DE GESTION DOCUMENTAL
DAI - No. 20216110203482
Fecha Radicado: 2021-07-22 11:15:28
Anexos: DP.1+12 FOLIOS.
FISCALIA

Asunto: envío acta entrega de extraditable.

De manera atenta me permito remitir a ese despacho, el original del acta entrega de extradición de las personas que se relacionan a continuación, así:

| No. | NOMBRES Y APELLIDOS | FECHA DE EXTRADICIÓN | PAIS REQUIRENTE |
|---|---|---|---|
| 1 | ▮▮▮▮▮▮▮▮▮▮ | ▮▮▮▮ | ▮▮▮ |
| ▮ | ▮▮▮▮▮▮▮ | ▮▮▮ | ▮▮ |
| ▮ | ▮▮▮▮▮▮ | ▮▮▮ | ▮▮ |
| 5 | JAIRO JAVIER RODRÍGUEZ BETANCOURT | 16/07/2021 | ESTADOS UNIDOS |
| ▮ | ▮▮▮▮▮ | ▮▮ | ▮▮ |
| ▮ | ▮▮▮▮▮ | ▮▮ | ▮▮ |
| ▮ | ▮▮▮▮▮ | ▮▮ | ▮▮ |
| ▮ | ▮▮▮▮▮ | ▮▮ | ▮▮ |
| ▮ | ▮▮▮▮▮▮ | ▮▮ | ▮▮ |

Atentamente

Subintendente **ADOLFO ALEJANDRO MESA VALENCIA**
Investigador Criminal Grupo Investigaciones Internacionales OCN INTERPOL Colombia

Anexo: Uno: (12 Actas entrega de extraditable)

Elaborado por: SI. Adolfo Alejandro Mesa Valencia
Revisado por: SI. Adolfo Alejandro Mesa Valencia
Fecha de elaboración: 21/07/2021
Ubicación: \\172.26.40.14\interpol-gruin-extradic\2020\17. SOLICITUDES EXTRADICIONES 2019\OFICIOS ACTA EXTRADICION FISCALIA

Avenida El Dorado 75 - 25 Barrio Modelia
Teléfono 5159700 extensión 30438
interpol.arcon@policia.gov.co
www.policia.gov.co

   

**INFORMACIÓN PÚBLICA RESERVADA**

| | |
|---|---|
| .Página 1 de 1 | PROCEDIMIENTO: REALIZAR EXTRADICIÓN DE PERSONAS |
| Código: 2IJ-FR-0002 | |
| Fecha: 07-06-2016 | ACTA ENTREGA DE EXTRADITABLE |
| Versión: 1 | |


POLICÍA NACIONAL

*En Bogotá D.C., a los ( 16 ) días del mes de julio del año dos mil veintiuno (2021), a las 09:30 horas, se hace entrega del señor **JAIRO JAVIER RODRÍGUEZ BETANCOURT** identificado con cédula de ciudadanía 87.943.833 expedida en Tumaco - Nariño, al Alguacil Federal **MICHAEL GARCÍA** comisionado por la Embajada de los Estados Unidos de América, para recibirlo y trasladarlo según comunicado de fecha ( 13 ) del mes de julio del año dos mil veintiuno (2021) enviado por la por la Embajada de los Estados Unidos de América, facultados mediante oficio número DAI 20211700047831 de fecha (13) de julio de 2021, emanado de la Fiscalía General de la Nación y suscrito por el Doctor **GONZALO GÓMEZ ESCOBAR** Director Dirección de Asuntos Internacionales (E), el cual comunica la extradición según Resolución Ejecutiva No. 013 de fecha (07) del mes de enero del año 2021, del precitado ciudadano a los Estados Unidos de América, quién deberá comparecer ante el Distrito Este de Texas, por el delito de Narcotráfico.*

*Funcionarios que recibe al Extraditable:*

**MICHAEL GARCÍA**
*Alguacil Federal US. Marshals Service*

*Funcionarios que entregan:*

**CR. IBÁN MAURICIO PARDO PANQUEVA**
*Jefe OCN INTERPOL Colombia*

**TE. ROBERT PÉREZ MONTES**
*Oficial Nacional de Seguridad OCN INTERPOL*





**HUELLA PULGAR**     **HUELLA ÍNDICE**

**MANO DERECHA DE LA PERSONA EXTRADITADA**

Elaboró: St. Alejandro Mesa Valencia
Revisó T.E. Robert Pérez Montes
Fecha de Elaboración: 14/07/2021
Archivo: \\172.28.40.14\interpol-grun-extradiciones\

Avenida el Dorado  75 – 25 Barrio Modelia
Teléfonos  5159700 ext 30438
interpol.arcon@policia.gov.co
www.policia.gov.co






FISCALÍA
GENERAL DE LA NACIÓN
En la calle y en los territorios



**DAI**
Bogotá, D.C.

Doctora
**ALEJANDRA VALENCIA GÄRTNER**
Directora de Asuntos Jurídicos Internacionales
Ministerio de Relaciones Exteriores
Carrera 5 No. 9-03 Edificio Marco Fidel Suárez
Bogotá D.C.

| **ASUNTO: Trámites de Extradición – ACTAS DE ENTREGA** |
| --- |

Doctora Valencia:

De manera atenta, me permito acompañar fotocopia de las actas de entrega en extradición de las personas que se relacionan a continuación:

**1.**

**2.**

**3.**

**4.**



DIRECCIÓN DE ASUNTOS INTERNACIONALES
AVENIDA CALLE 24 No. 52 - 01 EDIFICIO GUSTAVO DE GREIFF PISO 4, BOGOTA D.C CÓDIGO POSTAL 111321
TEL. DIRECTO 5702008 - CONMUTADOR: -5702000 EXTS. 13372-13355-13354-13371-13353
d.asuntosinternacionales@fiscalia.gov.co
www.fiscalia.gov.co







**DAI**



5. **Jairo Javier Rodríguez Betancourt**, identificado con cédula de ciudadanía 87.943.833, quien permaneció privado de la libertad, entre el 7 de marzo de 2020 (fecha de captura con fines de extradición) y el 16 de julio de 2021 (fecha de entrega a las autoridades de los Estados Unidos de América).

6.

7.

8.

9.

10.



DIRECCIÓN DE ASUNTOS INTERNACIONALES
AVENIDA CALLE 24 No. 52 - 01 EDIFICIO GUSTAVO DE GREIFF PISO 4, BOGOTA D.C CÓDIGO POSTAL 111321
TEL. DIRECTO 5702008 - CONMUTADOR: -5702000 EXTS. 13372-13355-13354-13371-13353
d.asuntosinternacionales@fiscalia.gov.co
www.fiscalia.gov.co





**FISCALÍA**
GENERAL DE LA NACIÓN
En la calle y en los territorios


**11.**



**12.**

**13.**

Por lo anterior, agradezco que se informe sobre el particular a las respectivas Embajadas. Así mismo a la Dirección de Comunidades Colombianas en el Exterior y Asuntos Consulares de ese Ministerio, **para que el período de privación de la libertad en Colombia se tenga en cuenta dentro de los procesos que se adelanta en el exterior.**

Cordialmente,

**GONZALO GÓMEZ ESCOBAR**
Director (E)
Dirección de Asuntos Internacionales

Anexo (s):  15 Folios                    Proyectó: *RLSR*                    Revisó: CCW

DIRECCIÓN DE ASUNTOS INTERNACIONALES
AVENIDA CALLE 24 No. 52 - 01 EDIFICIO GUSTAVO DE GREIFF PISO 4, BOGOTA D.C CÓDIGO POSTAL 111321
TEL. DIRECTO 5702008 - CONMUTADOR: -5702000 EXTS. 13372-13355-13354-13371-13353
d.asuntosinternacionales@fiscalia.gov.co
www.fiscalia.gov.co

